Matthew Swanlund (State Bar No. 204542)
matthew@aestheticlegal.com
**AESTHETIC LEGAL, A.P.L.C.**
8055 W Manchester Ave, Suite 305
Playa del Rey, CA 90293
Telephone: (310) 301-4545

Attorney for Plaintiff
YZ Productions, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YZ PRODUCTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TEEZILY, INC., a Delaware corporation; and DOES 1-5,<br><br>Defendant. | Case No. 2:24-cv-00223-MRA-SK<br><br>**MOTION FOR DEFAULT JUDGMENT;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES; AND**<br><br>**DECLARATION OF MATTHEW SWANLUND**<br><br>Date: September 12, 2024<br>Time: 1:30pm<br>Location: Courtroom 10B |

TO THE COURT AND DEFENDANT AND ITS ATTORNEY OF RECORD:

1. PLEASE TAKE NOTICE THAT on September 12, 2024, at 1:30 p.m. or as soon thereafter as this matter may be heard by the above-entitled Court, located at U.S. Courthouse, 350 W. First Street, Courtroom 10B, Los Angeles, CA 90012, Plaintiff will present its motion for default judgment against Defendant.

2. At the time and place of hearing, Plaintiff will present proof of the following matters:

a. Defendant is not a minor or incompetent person or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (See Declaration of Matthew Swanlund at ¶ 7, 8.)

a. A Default by Clerk was entered against Defendant pursuant to F.R.Civ.P. 55(a) on March 13, 2024.

b. Notice of this motion for default judgment has been served on said Defendant as required by Rule 55(b)(2), as required by Local Rule 55-1. (*See* Declaration of Matthew Swanlund ¶ 9.)

c. The above-named Defendant has failed to plead or otherwise respond to the complaint. (*See* Declaration of Matthew Swanlund ¶ 6.)

3. This Motion is based on this Motion, the attached Memorandum of Points and Authorities; the attached Declaration of Matthew Swanlund, and the pleadings, files and other matters that may be presented at the hearing.

Dated: July 3, 2024

Respectfully Submitted,

AESTHETIC LEGAL, APLC

By: /s/ Matthew Swanlund, Esq.

Matthew Swanlund, Esq.
8055 W Manchester Ave, Suite 305
Playa del Rey, CA 90293
Telephone: 310.301.4545

Attorney for Plaintiff
YZ PRODUCTIONS, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Plaintiff YZ Productions Inc. ("Plaintiff") hereby respectfully submits this memorandum in support of its motion for default judgment against Defendant Teezily Inc. ("Defendant") pursuant to Fed. R. Civ. Proc. Rule 55(b), due to Defendant's failure to appear plead, or otherwise defend itself in this action.

### II. Factual Background

Plaintiff filed the Complaint against Defendant on January 10, 2024 (Docket No. 1).

The Court issued a summons on February 2, 2024 (Docket No. 12).

The Summons was served on Defendant on February 5, 2024 (Docket No. 13).

Under Rule 12(a)(4), Defendant was required to plead or otherwise respond to the Complaint by February 26, 2024.

A Default by Clerk was entered against Defendant on March 13, 2024.

Defendant has failed to serve or file a pleading or otherwise respond to the Complaint. The applicable time limit for responding to the Complaint has expired.

Defendant is a Delaware limited liability company and is not a minor or an incompetent person.

Defendant is a Delaware limited liability company and is not currently in the military service, and therefore the Servicemembers Civil Relief Act does not apply.

A copy of this Motion for default judgment was served by Federal Express to Defendant on July 3, 2024.

The Complaint sets forth copyright infringement claims regarding four (4) separate, registered, copyrighted works of art. Pursuant to 17 USC §504, Plaintiff requests an award of statutory damages based upon willful infringement in the amount of $150,000 for each of the four (4) registered works of art for a total of $600,000.

The Complaint sets forth trademark infringement and counterfeiting claims

regarding ten (10) separate, registered trademarks. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff requests an award of statutory damages based upon willful infringement in the amount of $2,000,000 for each of the ten (10) registered trademarks for a total of $20,000,000.

Plaintiff has incurred costs in the amount of $1,125.15.

Plaintiff has incurred attorneys' fees in the amount of $7,600.

## III. Argument

Defendant has attempted to escape liability for its willful infringement of Plaintiff's trademarks and copyrights by refusing to participate in this lawsuit, requiring Plaintiff to seek judgment against it by default. Of course, Defendant's default operates as an admission of Plaintiff's well-pleaded factual allegations. *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Upon default, the factual allegations of the complaint, except for those relating to the amount of damages, are taken as true. *Id*. And, as set forth herein, Plaintiff's requested statutory damages are reasonable given the scope of willful and ongoing infringement.

Accordingly, Plaintiff respectfully submits that this Court should grant its Motion for Default Judgment because this Court has jurisdiction, Plaintiff has met the procedural requirements for default judgment, and the relief requested by Plaintiff is reasonable and fair.

### *A. Defendant Is Subject to This Court's Jurisdiction*

When entry of default judgment is sought against a party who has failed to plead or otherwise defend, the first step is to confirm the Court has both subject matter and personal jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). This case is properly before this Court because it has subject matter jurisdiction over the action and personal jurisdiction over Defendant.

#### 1. Subject Matter Jurisdiction

In this Action, Plaintiff asserted federal causes for Trademark Infringement, False

Designation of Origin, and Copyright Infringement, and a state law claim for unfair competition. This Court has original subject matter over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 15 U.S.C. § 1121 because this action involves and is predicated upon violations of the Lanham Act.

2. Personal Jurisdiction

This Court also has personal jurisdiction over Defendant. While Defendant's admission by default of the facts necessary to establish personal jurisdiction is sufficient to satisfy this requirement, the facts also confirm that this Court does have personal jurisdiction. See *Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd.,* No. CV 14-2307 RSWL FFMX, 2014 U.S. Dist. LEXIS 132169, *8 (C.D. Cal. Sept. 18, 2014) (finding personal jurisdiction based on defendant's admissions by default of allegations in the complaint) (citing *Derek Andrew, Inc. v. Poof Apparel Corp*., 528 F.3d 696, 702 (9th Cir. 2008)).

The United States Constitution allows federal courts to exercise personal jurisdiction over parties who have sufficient "minimum contacts" with the forum state such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). Here, the Defendants purposefully directed activities and consummated business transactions in this forum, Plaintiff's claims relate to those forum-related activities, and the exercise of jurisdiction is reasonable and fair. *Herbal Brands, Inc. v. Photoplaza, Inc*., 72 F.4th 1085, 1090-97 (9th Cir. 2023).

The events and acts set forth in the Complaint arise out of and relate to Defendant's intentional actions to sell counterfeit products into and through this District. As set forth in the Complaint and supported by evidence, Defendant regularly conducts business in California, accepting orders of infringing products from and offering shipping to California addresses located in this District.

Further, Defendant cannot make any case that the exercise of jurisdiction is unreasonable, as would have been its burden if it had appeared in this action. See *Herbal*

*Brands*, 72 F.4th at 1097 (finding exercise of jurisdiction over Amazon sellers who sold into forum state was reasonable). To the contrary, exercise of jurisdiction is plainly reasonable here. Parties, like Defendant, who sets up shop in this District and willfully sells infringing products in this District in violation of the Lanham Act should reasonably expect to be hailed into this Court to answer for their conduct. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 607 (9th Cir. 2018).

*B. Plaintiff Has Met All Procedural Requirements for Default Judgment*

With the submission of the present Motion, Plaintiff has met the procedural requirements of Local Rule 55-1. The Clerk entered default against Defendant on March 13, 2024. Defendant is not a minor or incompetent person or otherwise protected by the Servicemembers Civil Relief Act, and notice of the Motion was served on Defendant. Plaintiff's requested relief—entry of judgment by default and statutory damages—does not differ in kind or exceed the relief requested in the Complaint.

*C. The Eitel Factors Support Default Judgment*

The decision to enter default judgment pursuant to Fed. R. Civ. Proc. 55 is at the court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default does not automatically entitle a plaintiff to a court-ordered judgment. Rather, the Court exercises its discretion based upon an assessment of the following seven factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). While courts maintain discretion, default judgments are "more often granted than denied" when the Eitel factors favor such an outcome. *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Here, the *Eitel* factors support entering a default judgment against Defendant and in favor of Plaintiff.

1. Possibility of Prejudice to the Plaintiff

With respect to the first factor, Plaintiff would be significantly prejudiced without the entry of a default judgment because it would be left without effective remedy. See, e.g., *Philip Morris U.S.A. Inc. v. Castworld Prods*., 219 F.R.D. 494, 499 (C.D. Cal. 2003); *Fashioncraft-Excello, LLC v. BG Wholesale Trading Inc*., No. CV 23-01193-AB(JPRx), 2024 U.S. Dist. LEXIS 4680, *4 (C.D. Cal. Jan. 4, 2024). At the same time, Defendant would be rewarded for refusing to appear in this action. Accordingly, this factor weighs in favor of entering default judgment.

2. Merits of Plaintiff's Substantive Claim and Sufficiency of Complaint

The second and third Eitel factors require that Plaintiff "state a claim on which [it] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 499 (C.D. Cal. 2003). After the Clerk enters default, the factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp*., 559 F.2d 557, 560 (9th Cir. 1977)).

As demonstrated in its pleadings and elaborated below, Plaintiff has amply stated its claims for (1) trademark infringement; (2) false designation of origin; (3) copyright infringement; and (4) common law unfair competition.

**Trademark Infringement, False Designation of Origin**
**& Common Law Unfair Competition**

To state a claim of trademark infringement under the Lanham Act, Plaintiff must establish that "(1) the plaintiff owns a valid trademark; (2) the defendant is using the trademark without the plaintiff's authorization; and (3) the defendant's use of the trademark likely confuses consumers." *2die4kourt v. Hillair Cap. Mgmt., LLC*, No. CV-16-01304-JVS-DFMx, 2016 U.S. Dist. LEXIS 118211, 2016 WL 4487895, at *5 (C.D. Cal. Aug. 23, 2016), aff'd, 692 F. App'x 366 (9th Cir. 2017) (citing *Applied Info. Scis. Corp. v. eBay. Inc*., 511 F.3d 966, 969 (9th Cir. 2007)).

Plaintiff's claims of false designation of origin and common law unfair

competition are substantially congruent with its claim of infringement under the Lanham Act. To state both claims, Plaintiff must demonstrate that (1) it has a valid, protectable trademark and (2) Defendant's use of that mark is likely to cause confusion. See *Philip Morris U.S.A. Inc. v. Castworld Prods*., 219 F.R.D. 494, 499-500 (C.D. Cal. 2003) (setting forth elements of claims); *JUUL Labs, Inc. v. Chou*, 557 F.Supp.3d 1041, 1053 (C.D. Cal. 2021) ("The 'ultimate test' for all these claims 'is exactly the same as for trademark infringement: 'whether the public is likely to be deceived or confused by the similarity of the marks.''") *Cleary v. News Corp*., 30 F.3d 1255, 1262-63 (9th Cir. 1994) ("This Circuit has consistently held that state common law claims of unfair competition . . . are 'substantially congruent' to claims made under the Lanham Act.").

Plaintiff first establishes that it has a valid, protectable mark by providing uncontested proof that it owns ten registered marks on the principal register. 15 U.S.C. § 1115(a); *Applied Info. Sciences*, 511 F.3d at 970. Further, the Complaint sets forth that Defendant plainly offered for sale, sold, and infringed on Plaintiff's registered marks. The products are plainly infringing, as they bear identical copies of several of Plaintiff's registered marks.

Typically, the Ninth Circuit applies the eight-factor *Sleekcraft* test to determine whether a mark is likely to cause confusion. See *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-54 (9th Cir. 1979). However, there is no need for a detailed analysis of each of the *Sleekcraft* factors because the use of the infringing marks on Defendant's products is inherently confusing. Indeed, "[w]here virtually identical marks are used with identical products or services, likelihood of confusion 'follow[s] as a matter of course.'" *JUUL Labs*, 557 F.Supp.3d at 1053 (quoting *Brookfield Comm'ns, Inc. v. W. Coast Ent. Corp*., 174 F.3d 1036, 1056 (9th Cir. 1999)).

In the Complaint, Plaintiff provided copies of its ten (10) trademark registrations, collectively referred to as the "YZ Marks." These include registered word marks "GAME MASTER," "ZAMFAM," "REBECCA ZAMOLO," "GAMEMASTER," and "GAMEMASTERS" used in connection with apparel products, and the stylized marks

"RZ" and "GM GAME MASTERS," also used in connection with apparel products. Plaintiff further provided evidence of Defendant's wrongful copying of these marks on apparel products, precisely to compete with, and profit off of, Plaintiff's trademarks, brand, and reputation by exploiting this intended consumer confusion.

In short, Defendant's sales of infringing apparel products plainly constitute trademark infringement and false designation of origin under the Lanham Act, and common law unfair competition in California.

**Copyright Infringement**

To prevail on a claim of copyright infringement, Plaintiff must show (1) ownership of the copyright, and (2) that defendants copied protected elements of the work. *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990). Registration of the copyrighted material before its first publication or within five years after first publication is prima facie evidence of the validity of the copyright. 17 U.S.C. §410(c).

Plaintiff meets the first prong of this test by alleging ownership in copyrights supported by valid copyright registrations for four works of visual arts. In meeting the second prong, Plaintiff also filed exhibits showing Defendant's product listings for shirts with art that directly copies Plaintiff's copyrighted works. The artwork on the shirts is virtually identical to, if not the same, as Plaintiff's copyrighted works. Virtual identity is sufficient to establish copying. See *Baxter v. MCA*, 812 F.2d 421, 424 n.2 (9th Cir. 1987) ("Proof of striking similarity is an alternative means of proving 'copying' where proof of access is absent"), cert. denied, 484 U.S. 954 (1987).

Accordingly, Plaintiff has stated a well-pled claim for copyright infringement, supported by evidence.

3. Sum of Money at Stake

The fourth *Eitel* factor considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." Cal. *Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor "requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." *United States v.*

*Broaster Kitchen, Inc*., No. CV 14-09421 MMM (PJWx), 2015 U.S. Dist. LEXIS 88403, *16-17 (C.D. Cal. May 27, 2015).

The well-pled allegations establish that Defendant willfully infringed ten (10) of Plaintiff's trademarks on its apparel products. The Lanham Act authorizes statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed." 15 U.S.C. § 1117(c). With respect to its copyright claims, the Copyright Act permits an award of statutory damages based upon willful infringement in the amount of $150,000 for each registered work. 17 U.S.C. § 504. Accordingly, Plaintiff is authorized under the Lanham Act to seek recovery for at least one mark for each category of goods, without taking into account Defendant's use of multiple of Plaintiff's marks on the same category of products. Whether calculated as statutory damages for infringing ten (10) marks or for one (1) mark on apparel products, Plaintiff would conservatively be authorized to seek statutory damages of at least $2.6 million and up to $20.6 million. See, e.g., *Philip Morris v. Liu*, 489 F. Supp. 2d 1119, 1123-24 (C.D. Cal. 2007) (awarding maximum statutory damages for willful counterfeiting); *Castworld*, 219 F.R.D. 494 (C.D. Cal. 2003) (awarding maximum statutory damages to deter counterfeiting and compensate plaintiff).

There exist no method to calculate or estimate actual damages because Defendant has not provided any documentation showing the number of sales of infringing products. Therefore, the top end estimated actual damages are currently unknown and the allowable statutory damages are at least $2.6 million, Plaintiff's request for a default judgment between $2.6 million and $20.6 million is conservative given the deliberate nature of Defendant's conduct, as well as the reasonably clear and conservative nature of these figures. See, e.g., *Craigslist, Inc. v. Naturemarket, Inc*., 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010) ("Where a defendant has engaged in willful infringement and has refused to respond to the allegations brought against it, damages of this magnitude have been deemed appropriate.") In sum, this factor supports default judgment.

4. There Is No Possible Dispute of Material Facts

The fifth *Eitel* factor looks to the likelihood of a dispute between the parties regarding the material facts surrounding the case. *Eitel*, 782 F.2d at 1471–72. Because allegations in a complaint are deemed admitted upon default, there is no possibility of a factual dispute and default judgment is appropriate. See, e.g, *TeleVideo Sys*, 826 F.2d at 917-18 (9th Cir. 1987) (per curiam) (quoting *Geddes*, 559 F.2d at 560 (9th Cir. 1977)). As such, this factor favors default judgment.

5. Lack of Excusable Neglect

The sixth *Eitel* factor examines whether a defendant's failure to respond to the plaintiff's allegations was the result of excusable neglect. *Eitel*, 782 F.2d at 1472. This factor favors entry of default judgment when Defendant has been "properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Entrepreneur Media, Inc.*, No. 8:19-cv-01706-JLS-JDE, 2020 U.S. Dist. LEXIS 204450, at *13. Here, both are true.

Defendant was properly served with the Complaint on February 5, 2024. It has had ample time to respond to answer. See *Levi Strauss & Co. v. Toyo Enterprise Co., Ltd.*, 665 F.Supp.2d 1084, 1097 (N.D. Cal. 2009) (default judgment favored where defendants had "ample time to appear and respond"). As Defendant has had sufficient time to respond to the Complaint and they were also actually aware of the action, this *Eitel* factor weighs in favor of default judgment.

6. Policy Favoring Decisions on the Merits

The last *Eitel* factor considers whether public policy precludes entry of default judgment. *Eitel*, 782 F.2d at 1472. "Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond 'makes a decision on the merits impractical, if not impossible,' default judgment is appropriate." *Entrepreneur Media*, 2020 U.S. Dist. LEXIS 204450, at *14 (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). Accordingly, this final factor weighs in favor of default judgment, as a decision on the merits against the Defendant is not possible due to its failure to appear or respond.

*D. Statutory Damages*

Plaintiff's request for statutory damages is clear and well supported. "In assessing appropriateness of the amount of damages, courts consider compensation for lost profits, punishment of willful infringement, and deterrence of further infringing activity." *Adobe Sys., Inc. v. Dafang USA, LLC*, No. 2:18-cv-08504-VAP-AGRx, 2019 U.S. Dist. LEXIS 226717, *18-19 (C.D. Cal. Aug. 22, 2019). Here, evidence of willfulness is overwhelming, entitling Plaintiff to treble its actual damages and seek maximum statutory damages.

1. Trademark Infringement

The Ninth Circuit has instructed that damages should make "deliberate acts of trademark infringement unprofitable." *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 13 (9th Cir. 1968). Pursuant to the Lanham Act, the trial court has discretion to determine the amount of statutory damages awarded. 15 U.S.C. § 1117(c). The Lanham Act permits an award of up to $200,000 per counterfeit mark, or up to $2,000,000 per counterfeit mark if the infringement is willful. *Id.*

Willfulness can be inferred from a defendant's refusal to defend. *Adobe Sys.*, 2019 U.S. Dist. LEXIS 226717 at *19; *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, n.3 (9th Cir. 1990). Consequently, the Lanham Act permits Plaintiff an award of up to $2,000,000 per counterfeit mark.

As discussed above, Defendant has refused to provide any documentation indicating the number of infringing sales. While recognizing that Plaintiff cannot reasonably estimate actual damages for this case and therefore courts are disinclined to award the maximum statutory damages at the risk of a windfall, it must be noted that the Defendant has infringed ten (10) registered trademarks and four (4) registered copyrights. This case exhibits a broad and willful intent to infringe by Defendant and Defendant should not be protected by its failure to provide any infringing sales records or participate in this suit in any way.

2. Copyright Infringement

The Copyright Act provides that a copyright owner can recover statutory damages "for all infringements involved in [an] action, with respect to any work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. 504(c). If a copyright owner can show that the defendant committed infringement willfully, that amount may increase, at the court's discretion, to "a sum of not more than $150,000." *Id.* In applying discretion, courts have considered "restitution of profit, reparation of injury, and deterrence of future infringement." *Symantec Corp. v. Logical Plus, Inc.*, No. C 06-7963 SI, 2010 U.S. Dist. LEXIS 55110, *6 (N.D. Cal. June 4, 2010).

As discussed above, Defendant has refused to provide any documentation indicating the number of infringing sales. While recognizing that Plaintiff cannot reasonably estimate actual damages for this case and therefore courts are disinclined to award the maximum statutory damages at the risk of a windfall, it must be noted that the Defendant has infringed ten (10) registered trademarks and four (4) registered copyrights. This case exhibits a broad and willful intent to infringe by Defendant and Defendant should not be protected by its failure to provide any infringing sales records or participate in this suit in any way.

## IV. Conclusion

The Defendant's willful and repeated infringement of Plaintiff's trademarks and copyrights has caused significant harm to its brand and goodwill, along with associated harmful consumer confusion. While Defendant engages in ongoing infringing activities, it has refused to participate and defend itself in this lawsuit, leaving Plaintiff with no recourse other than to seek default judgment.

Plaintiff respectfully requests this Court to enter default judgment in its favor and against Defendant on all claims in the amount of $20,600,000.00 plus attorney's fees and costs, in the form set forth in the concurrently filed [Proposed] Order and [Proposed] Judgment.

///

///

Dated: July 3, 2024

Respectfully Submitted,

AESTHETIC LEGAL, APLC

By: /s/ Matthew Swanlund, Esq.

Matthew Swanlund, Esq.
8055 W Manchester Ave, Suite 305
Playa del Rey, CA 90293
Telephone: 310.301.4545

Attorney for Plaintiff
YZ PRODUCTIONS, INC.

**DECLARATION OF MATTHEW SWANLUND**

I, Matthew Swanlund, state and declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice before this Court. I make this declaration of my own personal knowledge and could and would so testify if called.

2. In the case 2:24-cv-00223-MRA-SK, Plaintiff filed the Complaint against Defendant on January 10, 2024 (Docket No. 1).

3. The Court issued a summons on February 2, 2024 (Docket No. 12).

4. The Summons was served on Defendant on February 5, 2024 (Docket No. 13).

5. Under Rule 12(a)(4), Defendant was required to plead or otherwise respond to the Complaint by February 26, 2024.

6. A Default by Clerk was entered against Defendant on March 13, 2024.

7. Defendant has failed to serve or file a pleading or otherwise respond to the Complaint. The applicable time limit for responding to the Complaint has expired.

8. Defendant is a Delaware limited liability company and is not a minor or an incompetent person.

9. Defendant is a Delaware limited liability company and is not currently in the military service, and therefore the Servicemembers Civil Relief Act does not apply.

10. I served a copy of the motion for default judgment by Federal Express to Defendant on July 3, 2024.

11. The Complaint sets forth copyright infringement claims regarding four (4) separate, registered, copyrighted works of art. Pursuant to 17 USC §504, Plaintiff requests an award of statutory damages based upon willful infringement in the amount of $150,000 for each of the four (4) registered works of art for a total of $600,000.

12. The Complaint sets forth trademark infringement and counterfeiting claims regarding ten (10) separate, registered trademarks. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff requests an award of statutory damages based upon willful infringement in the

amount of $2,000,000 for each of the ten (10) registered trademarks for a total of $20,000,000.

13. Plaintiff has incurred costs in the amount of $1,125.15. Plaintiff requests an award of costs in the amount of $1,125.15 pursuant to 15 U.S.C. § 1117 and 17 U.S.C § 505.

14. Pursuant to Local Rule 55-3, Plaintiff requests an award of its attorneys' fees in the amount of $7,600 plus 10% of the amount over $100,000, to be calculated based upon the total award of damages.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed this 3rd day of July, 2024, at Los Angeles, California.

Dated: July 3, 2024

Matthew Swanlund