UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00223-MRA-SK | Date | March 28, 2025 |
| Title | YZ Productions, Inc. v. Teezily Inc. et al. | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT TEEZILY, INC. [ECF 21]**

Before the Court is Plaintiff YZ Productions, Inc.'s Motion for Default Judgment against Defendant Teezily, Inc. (the "Motion"). ECF 21. Defendant did not file an opposition to the Motion. The Court read and considered the Motion and held a hearing on September 12, 2024. ECF 23. No parties or their counsel appeared at the hearing. *Id.* For the reasons stated herein, the Court **DENIES** the Motion **without prejudice**.

## I. BACKGROUND

Plaintiff YZ Productions, Inc. ("Plaintiff" or "YZ") filed this action against Defendant Teezily Inc. ("Teezily") and Does 1-5 on January 10, 2024, alleging that Defendants are improperly advertising, marketing, and selling products infringing on YZ trademarks and YZ copyrights. ECF 1. Plaintiff brings claims for (1) trademark infringement and counterfeiting under the Lanham Act, 15 U.S.C. § 1114, *et seq.*, (2) copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*, and (3) common law unfair competition. ECF 1 ¶¶ 47-80.

The Complaint alleges that "Defendants" created and designed ecommerce sites operating under the "online marketplace accounts" identified as www.zamfammerch.net and www.rebeccazamolomerch.net that appear to be selling genuine YZ products but actually sell inferior imitations of such products without YZ's consent. *Id.* ¶¶ 6-7, 32. These unauthorized goods bear counterfeit and infringing marks and designs that are identical to or substantially similar to the YZ trademarks and copyrights. *Id.* ¶ 32. The online marketplace accounts are integrated into the website, www.teezily.com. *Id.* ¶ 36. Specifically, when consumers select the "Shop Now" button on the online marketplace accounts, they are directed to the www.teezily.com storefront. *Id.* "Defendants" provide "technical, logistical, and other support for those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00223-MRA-SK | Date | March 28, 2025 |
| Title | YZ Productions, Inc. v. Teezily Inc. et al. | | |

storefronts," "process retail transactions for the sale of the goods," "create or direct the creation" of the infringing products, and "handle shipment of the goods." *Id.* "Defendants" purportedly have "supervisory power over users of its ecommerce system" because they can remove products from its ecommerce system and even suspend or terminate users' storefronts. *Id.*

Teezily is purportedly a Delaware corporation, with an address "c/o The Company Corporation, 251 Little Falls Drive, Wilmington, DE 19808" (the "Little Falls Drive Address"). *Id.* ¶ 22. On November 6, 2023, prior to commencing this action, YZ informed Teezily via a demand letter that the trademarks and copyrights were featured on several infringing products displayed on Teezily's ecommerce website. *Id.* ¶ 34, Ex. D (ECF 1-4). The demand letter was mailed via Federal Express to the Little Falls Drive Address and addressed to Teezily, Inc., c/o The Company Corporation. ECF 1-4 at 1-2.

Plaintiff purportedly served Teezily with process on February 5, 2024, via personal service on a purportedly authorized agent at the Little Falls Drive Address. ECF 13. To date, Teezily has not answered the Complaint. On March 12, 2024, Plaintiff filed an Application for Default Judgment against Teezily. ECF 15. The Clerk issued a Notice of Deficiency, advising that default must be entered before an application for default judgment may be filed. ECF 16. On March 12, 2024, Plaintiff filed an Application for the Clerk to Enter Default against Teezily. ECF 17. On March 13, 2024, the Clerk entered default against Teezily. ECF 18. On April 3, 2024, Plaintiff filed an Application for Default Judgment against Defendant Teezily. ECF 19. On June 25, 2024, the Court denied the Application without prejudice because Plaintiff failed to file a memorandum of points and authorities in support of the Application, address the factors for default judgment, and substantiate its request for damages. ECF 20 at 3-4.

On July 3, 2024, YZ filed the instant Motion and noticed it for hearing on September 12, 2024. ECF 21. YZ served the Motion on Teezily by mail that same day. ECF 22. The parties and their counsel failed to appear at the hearing. On September 13, 2024, the Court ordered Plaintiff to show cause by no later than September 17, 2024, why the Court should not deny the Motion or dismiss this case for lack of prosecution and why sanctions should not be imposed for failure to appear at the hearing. ECF 24. Plaintiff timely filed a Response, averring that Plaintiff's counsel failed to appear because the hearing was not properly calendared in his schedule. ECF 25 at 2. Plaintiff's counsel took responsibility for the error and requested that the Court consider the Motion, not dismiss the case for lack of prosecution, and not impose sanctions.[1] *Id.* at 3.

[1] This district's Local Rules provide that counsel for the moving party and opposing party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00223-MRA-SK | Date | March 28, 2025 |
| Title | YZ Productions, Inc. v. Teezily Inc. et al. | | |

## II. DISCUSSION

### A. Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *see also Timbuktu Educ. v. Alkaraween Islamic Bookstore*, No. C 06-03025 JSW, 2007 WL 1544790, at *2 (N.D. Cal. May 25, 2007).

A court cannot exercise jurisdiction over a defendant without proper service of process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Omni Cap. Int'l, Ltd. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987). "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *Sec. & Exch. Comm'n v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). In other words, "there must be authorization for service of summons on the defendant." *Omni*, 484 U.S. at 104. "A judgment entered without jurisdiction over the defendant is void." *Ross*, 504 F.3d at 1139.

Service of process must be effectuated in a manner consistent with Federal Rule of Civil Procedure 4. "[W]ithout substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). Service on a corporation is governed by Rule 4(h) and may be accomplished either by personal service on certain corporate officers and authorized agents or by service in compliance with state rules. *See* Fed. R. Civ. P. 4(h)(1)(A)-(B), (e)(1). To constitute an agent for the purposes of service, a person must be "authorized by appointment or by law to receive service of process." *Id.* 4(e)(2)(C); *see also* Cal. Civ. Proc. Code § 416.10 (providing that only designated agents, general managers, or other specific

---

shall be present on the hearing date. L.R. 7-14. Unless excused by the Court, a counsel's failure to appear may be deemed consent to a ruling upon the motion adverse to that counsel's position and may be grounds for sanctions. *Id.*; L.R. 83-7; *see also* L.R. 41-5. Plainly, Plaintiff's counsel failed to appear and violated the Local Rules. The Court accepts counsel's explanation for his non-appearance and does not find that sanctions are warranted. Nevertheless, counsel's negligence frustrated the Court's ability to resolve the Motion and prevented the Court from promptly resolving the concerns raised herein. Thus, Counsel's failure to appear is added reason to deny the Motion.

corporate officers are authorized to accept service on behalf of a corporation); Del. Code Ann. tit. 8 § 321 (same).

Plaintiff personally served a "Lynanne Gares" with process at the Little Falls Drive Address. ECF 13. Teezily is registered with the Delaware Department of State.[2] Teezily's website, however, also lists a Paris, France address for its "registered office" location.[3] Plaintiff's demand letter and Complaint state that Teezily is in the "care of" another corporation, The Company Corporation. ECF 1 ¶ 22; ECF 1-4 at 2. The Company Corporation is also registered with the Delaware Department of State, and the Little Falls Drive Address is its registered address.[4] It appears that Gares is an employee of The Company Corporation, not Teezily.[5] Plaintiff does not provide sufficient proof that Gares or The Company Corporation is a registered agent of Teezily and authorized to accept service on its behalf. As such, the Court is not satisfied that process has been properly served in accordance with Rule 4.

Without sufficient proof of service, the Court does not have jurisdiction to enter default judgment. Accordingly, the Court **DENIES** the Motion on this ground alone. The Court, however, notifies Plaintiff of additional deficiencies with the Motion so that they may be corrected

---

[2] The Court takes judicial notice of Teezily Inc.'s registration page on the Delaware Secretary of State website. *See Sallyport Com. Fin., LLC v. Shuangyi Int'l Trading Co.*, No. CV-189007-MWF (MAA), 2019 WL 1785442, at *2 (C.D. Cal. Apr. 5, 2019) (confirming whether service was proper by conducting an "independent search on the California Secretary of State's website" to determine the name and address for defendant's registered agent). "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). Public records maintained on government websites are generally subject to judicial notice. *See, e.g.*, *Nat'l Grange of the Ord. of Patrons of Husbandry v. Cal. State Grange*, 182 F. Supp. 3d 1065, 1075 n.3 (E.D. Cal. 2016) (collecting cases).

[3] *Legal Mentions*, Teezily.com, https://www.teezily.com/legal_mentions (last visited Sep. 10, 2024). The Court also takes judicial notice of statements made on the Teezily.com website, but not for the truth of the matter stated. *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (providing that publicly accessible websites are proper subjects of judicial notice).

[4] The Court takes judicial notice of The Company Corporation's registration page on the Delaware Secretary of State website as a public record maintained on a government website.

[5] *Lynanne Gares*, LinkedIn, https://www.linkedin.com/in/lynanne-gares-808390260. The Court takes judicial notice of statements made on Lynanne Gares' LinkedIn profile as a publicly accessible website.

should Plaintiff renew its application for default judgment.

**B. Substantive Requirements**

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may, upon motion, order default judgment following the entry of default by the Clerk. The rendering of default judgment is committed to the discretion of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[D]efault judgments are ordinarily disfavored," and "[c]ases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).

The Court's prior Order advised that courts consider several factors, known as the *Eitel* factors, in deciding whether to enter default judgment. ECF 20 at 2. "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019). These factors—the merits of plaintiff's substantive claims and the sufficiency of the complaint—are "often analyzed together," *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010), and require courts to consider whether the plaintiff has "state[d] a claim on which [it] may recover," *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

Without deciding, the Court is not convinced Plaintiff has satisfied the second and third *Eitel* factors. The Complaint generally attributes conduct to "Defendants" without distinguishing Teezily's conduct from that of Doe Defendants. For example, Plaintiffs alleges: "*Defendants* have marketed, offered for sale, sold, created, caused to be manufactured, and/or shipped to consumers" the infringing products, ECF 1 ¶ 32 (emphasis added); "*Defendants* own and operate an ecommerce system through which infringing and counterfeit apparel and other goods" are marketed and sold, *id.* ¶ 33 (emphasis added); "*Defendants* are directly involved in the sale of goods via its ecommerce system and have direct control over and specific knowledge of the Infringing Products advertised or sold via that system," *id.* ¶ 34 (emphasis added); "*Defendants* provide all of the necessary tools for users to create online storefronts through which Infringing Products are then marketed," *id.* (emphasis added). In fact, the Complaint is replete with these generalized statements. *See generally* ECF 1. This "lumping together of multiple defendants in one broad allegation fails to satisfy notice requirement[s]." *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (citing *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)). "As a general rule, when a pleading fails to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'" *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015) (quoting *Adobe Sys. Inc. v. Blue Source Grp.,*

*Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015)).

It is unclear that Plaintiffs' allegations satisfy the plausibility standard. It is well-established that a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). To satisfy *Twombly* and *Iqbal*, a complaint must do more than plead facts that are "merely consistent with" a defendant's liability. *Iqbal*, 556 U.S. at 678. Many of Plaintiff's allegations appear to be threadbare recitals of the elements of the causes of action, supported by mere conclusory statements, particularly with respect to knowledge and intent. *See, e.g.*, ECF 1 ¶¶ 34, 39, 41-46. These allegations do not suffice. *See Iqbal*, 556 U.S. at 678. Although the court "must accept as true all of the allegations contained in a complaint," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**C. Proof of Damages**

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see also Fong v. United States*, 300 F.2d 400, 413 (9th Cir. 1962); *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005); *PepsiCo v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). On default judgment, the court does not accept as true allegations relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). As such, "the plaintiff is required to provide proof of all damages sought in the complaint." *PepsiCo*, 238 F. Supp. 2d. at 1175. "When 'proving-up' damages, admissible evidence (including witness testimony) supporting . . . damage calculations is usually required." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011); *see also* Fed. R. Civ. P. 55(b)(2).

In addition to costs and attorneys' fees, Plaintiff seeks statutory damages in the amount of $20.6 million pursuant to the Copyright Act and the Lanham Act. ECF 21 at 12-13; ECF 1 at 20-23. Under the Copyright Act, a copyright owner can recover statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just" with respect to any one work. 17 U.S.C. § 504(c)(1). Where willful infringement has been shown, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* §

504(c)(2). Similarly, under the Lanham Act, a trademark holder may recover "not less than $1,000 or more than $200,000 per counterfeit mark[.]" 15 U.S.C. § 1117(c). The statutory maximum increases to $2,000,000 for willful trademark infringement. *Id.* The court has "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (quoting *Peer Int'l Corp. v. Pausa Recs., Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990)).

Here, Plaintiff seeks an award of $600,000 for willful infringement of four registered YZ copyright works and $20 million for willful infringement of 10 registered trademarks, but at least $2.6 million. ECF 21 at 10, 12-13. It believes a "request for default judgment between $2.6 million and $20.6 million is conservative given the deliberate nature of Defendant's conduct." *Id.* at 10. Plaintiff does little, if anything, to justify the statutory maximum awards for willful infringement. Indeed, it is evident that Plaintiff did not heed the Court's prior Order, which explicitly advised Plaintiff to substantiate its request for damages. *See* ECF 20 at 3.

As the Court previously explained, in determining the appropriate amount of damages, courts consider whether "the amount of damages requested bears a plausible relationship to [its] actual damages." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014). "While a plaintiff in a trademark or copyright infringement suit is entitled to damages that will serve as a deterrent, it is not entitled to a windfall." *Id.* (citation omitted). "Where a plaintiff cannot reasonably estimate actual damages, and especially where it shows only a few sales related to the counterfeit mark, courts are disinclined to award the maximum statutory damages at the risk of a windfall." *GS Holistic, LLC v. MSA-Bossy Inc.*, No. 22-CV-07638-JSC, 2023 WL 3604322, at *5 (N.D. Cal. May 22, 2023) (collecting cases).

Plaintiff does not submit *any* proof in support of its requested damages award. The declaration of Plaintiff's counsel merely rehashes allegations in the Complaint. ECF 21 at 15-16. It is not evidence. *See Carpenters Sw. Admin. Corp. v. J & R P Dev. Corp.*, No. 2:18-cv--10383-ODW-RAOX, 2020 WL 362631, at *4 (C.D. Cal. Jan. 22, 2020) ("[C]onclusory declarations alone are insufficient to support the amount of damages in a default judgment."). Exhibits C and E to the Complaint appear to be evidence of some, but not all, of the alleged infringements and only demonstrate a single sale of an infringing product. *See* ECF 1 ¶¶ 18, 34, Ex. C (ECF 1-3), Ex. E (ECF 1-5). This is woefully insufficient to support the windfall requested here. *See, e.g.*, *GS Holistic*, 2023 WL 3604322, at *5-6 (awarding $5,000 for trademark infringement claim when Plaintiff provided evidence of one sale). Plaintiff insists that "[t]here exist no method to calculate or estimate actual damages" without documentation from Teezily. ECF 21 at 10. But the math speaks for itself. Given the infringing products were sold for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00223-MRA-SK | Date | March 28, 2025 |
| Title | YZ Productions, Inc. v. Teezily Inc. et al. | | |

approximately $25 per unit, *see* ECF 1-5, Teezily would have had to sell 824,000 units to make $20.6 million in revenue. Again, Plaintiff provides evidence of, at best, a single sale. ECF 1-3. Furthermore, apart from conclusory allegations in the Complaint, there is no evidence to support a damages award for willful infringement.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment is **DENIED**. In light of the deficiencies identified herein, Plaintiff shall file within **21 days** of the date of this Order: (a) an amended pleading, (b) a renewed motion for default judgment, or (c) a notice of voluntary dismissal. Should Plaintiff file an amended pleading, Plaintiff shall attach a redline copy reflecting all additions and deletions of material from the Complaint. Service of an amended pleading shall comply with the requirements of Rule 4.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk gga